PEOPLE v PERLOS (ON REHEARING)

PEOPLE v BROWN (ON REHEARING)

PEOPLE v MILLER (ON REHEARING)

PEOPLE v BENTLEY (ON REHEARING)

PEOPLE v SCHOMER (ON REHEARING)

Docket Nos. 99852-99856. Submitted April 18, 1989, at Lansing. Decided June 19, 1989. Leave to appeal applied for.

Charles A. Perlos, Robert L. Brown, Marcy B. Miller, Timothy F. Bentley and John B. Schomer were each charged in separate cases in district court with operating a motor vehicle while under the influence of intoxicating liquor. Each of the defendants had been injured in an automobile accident and had received medical treatment which included the withdrawal of a blood sample for analysis. In each case, the prosecutor, pursuant to MCL 257.625a(9); MSA 9.2325(1)(9), obtained the results of blood tests indicating the defendant's blood-alcohol level by requesting such test results from the medical facility or person who provided treatment. The suppression of evidence of each defendant's blood-alcohol level became the subject of a consolidated appeal in the Jackson Circuit Court. The court, Gordon W. Britten, J., suppressed the disputed evidence, ruling that the statute under which the evidence was obtained violates the Fourth Amendment and the Equal Protection Clause of the United States Constitution. The Court of Appeals affirmed on appeal, holding that the statute violates state and federal constitutional provisions relating to search and seizure and equal protection. 170 Mich App 75 (1988). The Court of Appeals subsequently granted a motion for a rehearing.

On rehearing, the Court of Appeals *held:*

1. A remand of the cases to district court is necessary in light of *Murray v United States,* 487 US —; 108 S Ct 2529; 101 L Ed 2d 472 (1988), which would allow the admission of the disputed evidence upon a showing that the evidence has a source independent of constitutional illegality.

2. The prior decision by this Court did not involve any interpretation of, and did not implicate, the validity of that

section of the challenged statute which relates to medical entity immunity.

Remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Jerome A. Susskind,* for defendants Perlos, Bentley and Schomer.

*John M. Sims,* for defendant Brown.

*John P. Kobrin, Jr.,* for defendant Miller.

ON REHEARING

Before: MICHAEL J. KELLY, P.J., and MCDONALD and J. D. PAYANT,* JJ.

J.D. PAYANT, J. Pursuant to our order of December 8, 1988, granting rehearing of *People v Perlos,* 170 Mich App 75; 428 NW2d 685 (1988), we have addressed the limited issue of whether these five consolidated cases should be remanded to the circuit and district courts. We answer in the affirmative.

Although our decision was grounded on both state and federal constitutional provisions, we find the federal constitutional basis controlling for purposes of the applicability of federal precedent. *Michigan v Long,* 463 US 1032; 103 S Ct 3469; 77 L Ed 2d 1201 (1983). The people should therefore be afforded the opportunity to establish whether the blood-alcohol test results are admissible under the "independent source doctrine" held viable in

* Circuit judge, sitting on the Court of Appeals by assignment.

*Murray v United States,* 487 US —; 108 S Ct 2529; 101 L Ed 2d 472 (1988). We did not have the benefit of that precedent in rejecting the prosecution's independent source doctrine claims when this case was briefed, argued and decided. To the extent we held that it would be impossible for the prosecution to establish that the evidence has a source independent of constitutional illegality, we have been overruled by the United States Supreme Court's opinion in *Murray v United States, supra.*

The defendants have argued that we are not bound by a plurality decision of the United States Supreme Court. We find that we are so bound. *Negri v Slotkin,* 397 Mich 105, 110; 244 NW2d 98 (1976).

Defendants also argue that our opinion striking MCL 257.625a(9); MSA 9.2325(1)(9) as unconstitutional strikes also the last sentence of that section regarding medical entity immunity. Our opinion was not based on any interpretation of, and does not implicate, the validity of the last sentence of § (9).

*People v England,* 176 Mich App 334; 438 NW2d 908 (1989), was released by another panel of this Court and directly conflicts with our decision in this case. We have certified a conflict to the Supreme Court. Our decision, however, is law of the case sub judice.

We adopt the remedy employed by the majority in *Murray v United States, supra,* and remand these cases to the circuit court with instructions that it remand to the district courts to determine whether the evidence, which was obtained without a warrant, may be purged of any taint by the prosecutor's establishment of independent acquisition of said evidence in accordance with *Murray v United States, supra.*

Remanded. We do not retain jurisdiction.