PEOPLE v BAKER (ON REMAND)

Docket No. 132882. Submitted September 19, 1990, at Lansing. Decided March 5, 1991, at 9:00 A.M.

Richard A. Baker was charged in the 68th District Court with two counts of second-degree murder as a result of the deaths of two persons following an automobile accident in which Baker was alleged to have been operating a motor vehicle while having an unlawful blood alcohol level. The court granted the defendant's motion to suppress evidence of his blood alcohol level as indicated by tests performed as part of his postaccident treatment at a medical facility. The evidence had been obtained by the prosecution pursuant to MCL 257.625a(9); MSA 9.2325(1)(9), which the court found to be violative of constitutional provisions relating to search and seizure and equal protection. The Genesee Circuit Court, Robert M. Ransom, J., affirmed. The Court of Appeals, in an unpublished opinion per curiam decided October 26, 1989 (Docket No. 113859), reversed. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration of whether MCL 257.625a(1); MSA 9.2325(1)(1) is applicable in prosecutions of second-degree murder.

The Court of Appeals *held:*

Section 625a(1), MCL 257.625a(1); MSA 9.2325(1)(1), is inapplicable in a prosecution of second-degree murder arising from the operation of a motor vehicle by a driver with an unlawfully high blood alcohol level.

1978 PA 572, § 625a(1) provided that the amount of alcohol in a driver's blood, as shown by chemical analysis of the driver's blood, urine, or breath, was admissible in criminal prosecutions of first- or second-degree murder resulting from the operation of a motor vehicle, where the driver was alleged to have been impaired by or under the influence of intoxicating liquor.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 305, 384; Homicide § 408.

Admissibility in criminal case of blood-alcohol test where blood was taken despite defendant's objection or refusal to submit to test. 14 ALR4th 690.

However, 1980 PA 515 and 1982 PA 10 excluded first- and second-degree murder from the list of homicides for which a driver's blood alcohol level is admissible.

Remanded for further proceedings.

HOMICIDE — EVIDENCE — SECOND-DEGREE MURDER — BLOOD TESTS — IMPLIED CONSENT ACT.

Evidence of the results of a chemical analysis of a defendant's blood, urine, or breath for the presence of alcohol or a controlled substance, or both, conducted pursuant to the implied consent act is not admissible in a prosecution of second-degree murder arising from the defendant's operation of a motor vehicle while having an unlawfully high blood alcohol level (MCL 257.625a[1]; MSA 9.2325[1][1]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Terrance P. Sheehan,* for the defendant.

ON REMAND

Before: HOOD, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. This case is before us on remand from our Supreme Court. *People v Baker,* 435 Mich 882 (1990). In an unpublished opinion per curiam decided October 26, 1989 (Docket No. 113859), we reversed a circuit court order that affirmed a district court's suppression of chemical analysis results indicating the blood alcohol level in a sample of defendant's blood retrieved in accordance with MCL 257.625a(9); MSA 9.2325(1)(9). In lieu of granting leave to appeal, the Supreme Court remanded for consideration of whether MCL 257.625a(1); MSA 9.2325(1)(1) is applicable in a prosecution for second-degree murder, an issue not previously raised by defendant. Supplemental briefs were invited from both parties.

In 1978, the Legislature amended MCL 257.625a; MSA 9.2325(1) to specify that the introduction of a driver's blood alcohol level as determined through chemical analysis is permitted in criminal prosecutions, including first- and second-degree murder, manslaughter, and negligent homicide. 1978 PA 572. A 1980 amendment, however, excluded both first- and second-degree murder from the list of homicides resulting from the operation of a vehicle while intoxicated for which the driver's blood alcohol level was admissible under § 625a. 1980 PA 515.

As amended by 1982 PA 310, MCL 257.625a(1); MSA 9.2325(1)(1) now provides:

> The amount of alcohol or presence of a controlled substance or both in the driver's blood at the time alleged as shown by chemical analysis of the person's blood, urine, or breath shall be admissible into evidence in a criminal prosecution of any of the following:
>
> *    *    *
>
> *Felonious driving, negligent homicide,* or *manslaughter* resulting from the operation of a motor vehicle while the driver is alleged to have been impaired by or under the influence of intoxicating liquor or a controlled substance or a combination of intoxicating liquor and a controlled substance, or to have had a blood alcohol content of 0.10% or more by weight of alcohol.

We conclude, therefore, that MCL 257.625a(1); MSA 9.2325(1)(1) is inapplicable in a prosecution of second-degree murder arising, as here, from the operation of a vehicle by a driver with an unlawfully high blood alcohol level. We express no opinion on the admissibility of blood alcohol levels on other grounds in such prosecutions.

In all other respects we affirm our prior decision. In particular, we note that, subsequent to the release of our prior decision, the Supreme Court reversed *People v Perlos,* 177 Mich App 657; 442 NW2d 734 (1989), and affirmed *People v England,* 176 Mich App 334; 438 NW2d 908 (1989). 436 Mich 305, 309; 462 NW2d 310 (1990).

Remanded for further proceedings. We do not retain jurisdiction.